Hon. Ricardo S. Martinez

09-CR-00391-JSR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,
Plaintiff,
v.
MATTHEW GALE KRANE,
Defendant.

NO. CR-09-391-RSM

PLEA AGREEMENT

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, Mark N. Bartlett, First Assistant United States Attorney for said District, Katheryn Kim Frierson, Assistant United States Attorney for said District, Defendant, Matthew Gale Krane, and his attorneys, Robert E. Barnes and Peter K. Mair, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1. Rule 20 Waiver. Defendant, having been advised of the right to have the charges set forth in the Indictment be prosecuted in the Central District of California, agrees to waive that right to venue and enter a plea of guilty to Count 1, False Statement in a Passport Application, a violation of 18 U.S.C. Section 1542, in the Western District of Washington.

2. The Charge. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty pursuant to Rule



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

11(c)(1)(C) of the Federal Rules of Criminal Procedure to Count 1 of the Indictment, False Statement in a Passport Application, a violation of 18 U.S.C. Section 1542. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. Elements of the Offense. The elements of the offense of Count 1 of the Indictment, False Statement in a Passport Application, a violation of 18 U.S.C. Section 1542, are as follows:

(1) Defendant made a false statement in an application for a United States passport;

(2) Defendant made such false statement willfully and knowingly;

(3) Defendant made such false statement with the intent to secure the issuance of a United States passport.

Defendant admits that he is, in fact, guilty of this offense as described in Count One of the Indictment.

5. The Penalties. Defendant understands that the statutory penalties for the offense False Statement in a Passport Application, a violation of 18 U.S.C. Section 1542, as charged in Count 1 of the Indictment, is a term of imprisonment of up to ten (10) years, a fine of up to $250,000, a period of supervision following release from prison of up to five (5) years, and a special assessment of one hundred ($100) dollars. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant also understands that, by pleading guilty, Defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

Defendant further understands that the conviction in this case may subject Defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw Defendant's guilty plea. Defendant preserves the right to raise the issue of such unanticipated collateral consequences as grounds for a downward variance for a reduced sentence.

6. Rights Waived by Pleading Guilty. Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of his peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on his behalf at trial;



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. *The right to appeal a finding of guilt or any pretrial rulings.*

7. United States Sentencing Guidelines. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense); (2) the history and characteristics of the Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the Defendant; (6) the need to provide the Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among Defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement, except as set forth in Paragraph 8 and



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court, except as set forth in Paragraph 8.

8. Rule 11(c)(1)(C) Agreement. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge and agree that the sentence of imprisonment imposed by the Court in this matter shall be served concurrent to the sentence, if any, Defendant receives in Case No. Cr. 08-296 - RSM, or otherwise not exceed a total term of imprisonment of 60 months when both sentences are combined.

9. Ultimate Sentence. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

10 Statement of Facts. The parties agree on the following facts. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to Defendant that relate to that conduct. Defendant admits he is guilty of the charged offense.

On or about February 14, 2008, in Los Angeles County, within the Central District of California, Defendant Matthew Gale Krane willfully and knowingly made a false statement in an application for a United States passport with intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application, Defendant Krane stated that his name was the name of another person, that is the name of C.T.S., that he was born on XX-XX-1962, that his Social Security number was XXX-XX-2189, and that his California driver's license number was XXXXXX-0323, whereas in truth and fact, as Defendant Krane then knew, his name was not the name of C.T.S., he was not born on XX-XX-1962, his Social Security number was not XXX-XX-2189, and his California driver's license number was not XXXXXX-0323.

11. Cooperation. Defendant shall cooperate completely and truthfully with law enforcement authorities in the investigation and prosecution of other individuals involved in criminal activity. Such cooperation shall include, but not be limited to, providing and



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

assisting law enforcement in obtaining documents and other evidence, electronic or otherwise, complete and truthful statements to law enforcement officers, as well as complete and truthful testimony, if called as a witness before a grand jury, or at any state or federal trial, retrial, or other judicial proceedings. The Central District of California, the Northern District of California and the Western District of Washington agree any information provided pursuant to this cooperation pertaining to any act or offense committed prior to the date of this Plea Agreement, or any information directly derived from such cooperation , shall not be used against Defendant. Defendant acknowledges that this obligation to cooperate shall continue after Defendant has entered a guilty plea and sentence has been imposed, no matter what sentence Defendant receives; failure to do so may constitute a breach of this Plea Agreement. Both parties agree that all cooperation sessions shall be recorded. If, in the estimation of the United States Attorney, information or testimony provided from the date of the Plea Agreement, proves to be untruthful or incomplete in any way, regardless of whether the untruthfulness was intended to help or hurt the United States' case, the United States may consider that Defendant has breached this Plea Agreement. Both parties recognize and agree that only a court can make the final determination as to whether Defendant's conduct constituted a breach of the plea agreement. The parties agree that information provided by Defendant in connection with this Plea Agreement shall not be used to determine his sentence, except to the extent described in USSG § 1B1.8. Defendant understands and expressly acknowledges, however, that the United States will not file a USSG § 5K1.1 motion for downward departure. The United States agrees and stipulates that no minimum sentence requirements apply to this case and that Defendant is free to seek any sentence, including probation. The United States further agrees and stipulates that it will fully and accurately make known to the Court the extent and usefulness of Defendant's cooperation for the Court's consideration in arriving at a fair and just sentence, which may include both inculpatory and exculpatory information as to other individuals.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

12. Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the United States Attorney's Offices for the Western District of Washington, Central District of California, and Northern District of California agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

13. Acceptance of Responsibility. The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should be decreased by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the authorities of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

14. United States and Defendant Obligations. The parties agree:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing, the United States agrees to move to dismiss Count 2, the remaining charge against Defendant originally filed in the Central District of California, CR 08 - 912 - DSF.

c) As part of this agreement, the United States Attorney's Office for the Northern District of California agrees to not prosecute Defendant for any federal crimes related to Defendant's purchase and use of the identity of M.S.M., including but not limited to Defendant's false application for a United States Passport.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

d) Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed count and uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

e) Defendant agrees that any charges to be dismissed before or at the time of sentencing were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

f) At the time of sentencing, provided that Defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

15. Breach, Waiver, and Post-Plea Conduct. Defendant agrees that if he breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant also agrees that if he is in breach of this Plea Agreement, Defendant has waived any objection to the reinstitution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, he should engage in illegal conduct, or conduct that is in violation of his conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration. Such a sentence could



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

16. Waiver of Appeal As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range as determined by the Court, Defendant waives to the full extent of the law:

a. any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. Voluntariness of Plea. Defendant agrees that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter {this plea/these pleas} of guilty.

18. Statute of Limitations. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

19. Completeness of Agreement. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 10 day of December, 2009.

MATTHEW GALE KRANE
Defendant

ROBERT E. BARNES
Attorney for Defendant

PETER K. MAIR
Attorney for Defendant

MARK BARTLETT
First Assistant United States Attorney

KATHERYN KIM FRIERSON
Assistant United States Attorney



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970